Daniel T. Paris
Attorney at Law, SBN 79520
3220 Stevens Creek Blvd., Suite A
San Jose, CA 95117
Telephone: (408) 279-6262
Fax: (408) 288-7848

Attorney for Creditors,
Jing Harng Luo, Ming Wu

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                    ) CASE NO: 10-48002
                                          )
DAVID CHAN                                ) CHAPTER 7
aka DAVID K. CHAN,                        )
                                          ) RS NO.: DTP-24
                                          )
LAURA CHAN                                ) MOTION FOR ORDER
aka LAURA K. CHAN,                        ) TERMINATING AUTOMATIC STAY
                                          )
                                          ) Date: August 6, 2010
        Debtors.                          ) Time: 11:00 AM
_____      ) Judge: Leslie J. Tchaikovsky

      The creditors, JING HARNG LUO and MING WU, by and through their attorney, Daniel T. Paris, respectfully move this Court for relief from the automatic stay provision on grounds set forth below.

1. The above-named debtors filed a voluntary petition for protection under the Bankruptcy Code, July 15, 2010.

2. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1471 and 11 U.SC. Section 362.

3. By the provision of 11 U.S.C. Section 362, all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

4. The creditors, Jing Harng Luo And Ming Wu, are the vested owners of a property located at 975 Corporate Way, Fremont, CA 94539, pursuant to a Trustee's Deed upon Sale, which Deed was recorded in the Alameda County Recorder's office on April 14, 2010. Pursuant to California law, the debtors, as the former owners of the subject property, were served with a 3-day notice to

1 quit the premises on April 22, 2010. The debtors failed to surrender possession of the subject premises and a summons and complaint for unlawful detainer were filed and served. The debtors failed to file a responsive pleading in action with Case No. FG10513160, and a default judgment was issued by the Alameda County Superior Court clerk on July 7, 2010, and the matter proceeded to the Sheriff's Department. The debtor filed the herein petition on the day of the Sheriff's scheduled eviction.

5. In view of the above, the continued possession by the debtors will cause substantial harm to the moving party, in that, the debtors remain in possession of the premises without payment of any kind to the creditors denying the moving party adequate protection of their interest in the subject property, under the provisions of 11 U.S.C. Section 3262(d)(1).

6. In addition, under 11 U.S.C. Section 362(d)(2), the moving party is entitled to an order granting relief from the stay since the debtors have no equity in the subject premises and such property is not necessary for an effective reorganization. In this case, the Movant obtained title to the subject premises pursuant to a Trustee's Deed upon Sale wherein the debtors were the Trustors in the Deed of Trust. Said Trustee's Deed was recorded prior to the debtors' petition filed herein.

7. Further, the creditors also request that they be allowed to proceed to evict the debtors and that the provisions of FRBP 4001(a)(3) be therefore waived.

WHEREFORE, moving party prays that the stay afforded by 11 U.S.C. Section 362 be modified so as to permit the moving party to continue to prosecute the present unlawful detainer action based on the 3-day notice and process the unlawful detainer judgment including the processing of a writ of possession through the Sheriff's Department of Alameda, without further order of the court, and that the fourteen (14) day stay of orders granting relief provided for in FRBP 4001(a)(3) be waived and of no force and effect.

Dated: <u>July 28, 2010</u>

                /s/ DANIEL T. PARIS
                Bar No. 79520
                Attorney for Moving Party