

David K. Chan, Pro Se

Laura K. Chan, Pro Se

2867 Sable Oaks Way

Dublin, CA 94568

510-205-5787

FILED
AUG 0 5 2010
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTYCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

David K. Chan & Laura K. Chan, Debtors

CASE NO: 10-48002 LT7

CHAPTER 7

RS NO: DTP-24

OPPOSITION TO THE MOTION FOR ORDER

TERMINATING AUTOMATIC STAY

Date: August 6, 2010

Time: 11:00 A.M.

Judge: Leslie J. Tchaikovsky

The Debtors, David K. Chan & Laura K. Chan, Pro Se, oppose and respectfully request that the Court deny the Motion for Terminating the Automatic Stay based on the following reason:

1. There is an ongoing Federal Criminal Investigation being conducted against the alleged Creditors, Jing Harng Luo & Ming Wu (Luo & Wu).
2. Debtors, Chan have reason to believe that Luo & Wu are fictitious people or aliases for a Chinese Syndicate who has through bribery, fraud, and collision obtained possession of the subject property through a fraudulent Trustee's Sale that did not take place as represented to the public on April 7, 2010 at 12:00 noon.

3. Instead, the Chinese Syndicate in collusion with the Bank of East Asia, USA, NA, Standard Trust Deed Service Company, Residential Service Valdation Publications, Ksai Liang, Garry Wan, & Attorney Daniel T. Paris, to purchasre subject property at a substantial discount below the loan amount and below the fair market value of the property in exchange for bribes.
4. Please see the attached Federal Civil Fraud Complaint which is CaseNo:----------------------------- Filed on August 5, 2010 in the U. S. District Court Northern District of CA in a matter styled David K. Chan & Laura K. Chan v. Jing Harng Luo and Ming Wu, et al. alleging the Fraudulent Real Estate Sale & Transfer and Injunctive Relief from the Wrongfully obtained Unlawful Detainer Action.
5. This new Federal Complaint has priority as this type of fraudulent activity is a federal concern to the health and safety of the citizens of the United States when foreign interest circumvent the law to buy up property in the United States. The information is that this Chinese Syndicate my have been responsible for the purchases of up to 2,000 properties.
6. Possession of the subject property can not conscienably be turned over to the Chinese Syndicate, who have no regard for the American Legal System.
7. Further, Albert Young, Philip Wang, and Michael Lai of the Bank of East Asia, USA, NA, intentionally and willfully stonewalled the Debtors and their Attorneys, Ted A Greene, by not letting the Debtors know of their decision on the Loan Modification until the day after the Trustee's Sale.
8. The above-mentioned employees of BEA have colluded to sell the subject property to the Chinese Syndicate well before the Trustee's sale date, and agreed on the absurd price of $395,000.01 in advance, as they feel that they are beyond the law.
9. Further, once the Chinese syndicate obtained title, their Attorney failed to perfect proper service of the UD Complaint on Debtors Chan. As a result, Debtors, Chan by and through their attorneys at John N., Kitta's Office filed a Motion to Quash Service of the Complaint, and appeared at all three motions.
10. Creditor Attorney Daniel T. Paris never appeared an any of the three motions. As a result, Judge Willie Lott granted Debtors Chan Motion to Quash the Service of the Complaint on June 18, 2010. See attached Order.
11. Attorney Daniel t. Paris colluded with the court to obtain a Default Judgement against the Debtors Chan. As a result, Debtor Attorney John N. Kitta filed an Opposition to the Default Judgement, but the court ignore our request. Debtors Chan filed a Bar Association Complaint against Attorney Daniel t. Paris which is attached.
12. A wrongful Default Judgement was obtained by the Chinese Syndicate by attorney Daniel T. Paris which is the basis of the eviction, and the Debtors did not even have their day in court.
13. To terminate the Bankruptcy Stay at this time would be unconscionable as it was obtained through fraud!
14. Debtors Chan have an equiable interest in the property as the Chinese syndicate obtained the subject property through fraudulent means which has clouded the title subject to the outcome of the Federal Civil Fraud Case.
15. Further, Debtors Chan have asked for a permanent Injunctive Relief in the Federal Civil Case until this civil case is adjudicated!

WHEREFORE, Debtors Chan pray that under the circumstances outlined above, the Court order that the Bankruptcy Stay remain in full force and effect until the criminal defendants in this case are brought to Justice!

Respectfully submitted on August 5, 2010,

_____ *David K. Chan* _____ _____ *Laura K. Chan* _____

David K. Chan                                       Laura K. Chan